Hand-Delivered

FILED
CHARLOTTE, NC

APR 27 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**ADRIAN OBRIAN MYERS,**
 Plaintiff,

3:26-CV-329-KDB

v.

**CITY OF MONROE, NORTH CAROLINA;DETECTIVE JOE MALONE, individually and in his official capacity;OFFICER JOHN DOE #1;OFFICER JOHN DOE #2;CRISTIN DUNNE, individually;CHRISTIAN SWOPE, individually;**

Defendants.

---

# COMPLAINT AND JURY DEMAND

Plaintiff Adrian Obrian Myers, by way of Complaint against Defendants, alleges as follows:

# I. INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 arising from Plaintiff's unlawful seizure, false arrest, detention, prosecution, and the use of fabricated and misleading evidence in violation of the Fourth and Fourteenth Amendments to the United States Constitution.
2. Plaintiff was arrested and prosecuted on serious criminal charges based upon false statements, material omissions, and misleading representations presented to judicial officers as though they established probable cause.
3. Defendants caused Plaintiff to be arrested, detained on a high secured bond, prosecuted without probable cause, and forced to defend against criminal charges that were later overturned.
4. Plaintiff was further damaged by the financial consequences of that false prosecution, including substantial court-imposed costs, fees, and related litigation burdens reflected in the state court file.

5. This action seeks compensatory damages, punitive damages, declaratory relief, attorney's fees as allowed by law, and all other appropriate relief.

# II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in Union County, North Carolina, which lies within this judicial district.

# III. PARTIES

8. Plaintiff **Adrian Obrian Myers** is a citizen and resident of North Carolina and at all relevant times was the person arrested, charged, detained, and prosecuted in the underlying criminal matter.
9. Defendant **City of Monroe, North Carolina** is a municipal corporation organized under the laws of North Carolina and is responsible for the policies, customs, practices, supervision, and training of its police officers and related law-enforcement personnel.
10. Defendant **Detective Joe Malone** was at all relevant times a law-enforcement officer employed by or acting on behalf of the City of Monroe and was acting under color of state law. He is sued in his individual and official capacities.
11. Defendants **Officer John Doe #1** and **Officer John Doe #2** were law-enforcement officers who participated in the investigation, arrest, seizure, detention, evidence development, and/or prosecution of Plaintiff. They are sued in their individual and official capacities to the extent applicable.
12. Defendant **Cristin Dunne** was at all relevant times a prosecutor or state actor involved in the criminal case against Plaintiff and is sued individually for conduct taken outside the protected advocative function, including investigative and evidence-related conduct.
13. Defendant **Christian Swope** was at all relevant times a prosecutor or state actor involved in the criminal case against Plaintiff and is sued individually for conduct taken outside the protected advocative function, including investigative and evidence-related conduct.

# IV. FACTUAL ALLEGATIONS

## A. Arrest Warrant and Criminal Charges

14. On or about December 14 through December 16, 2021, Defendant Detective Malone prepared, signed, submitted, and/or caused to be submitted a probable cause affidavit and related charging materials to obtain criminal process against Plaintiff.

15. Based on those materials, Plaintiff was charged in Union County, North Carolina in connection with allegations including attempted first-degree murder, discharging a weapon into occupied property, and related offenses.
16. The charging theory presented by Defendants alleged, among other things, that Plaintiff was the shooter and that surveillance and investigative evidence supported his identification and involvement.
17. These allegations were presented to judicial officers as though they were reliable facts sufficient to establish probable cause.

## B. False Statements and Material Omissions

18. The affidavit and related materials used to secure Plaintiff's arrest and prosecution contained false statements, misleading assertions, and material omissions.
19. Defendants represented that surveillance footage and related evidence identified Plaintiff as the perpetrator when the evidence did not reliably establish Plaintiff's identity.
20. Defendants omitted exculpatory and contradictory facts that undermined probable cause.
21. Defendants presented speculative conclusions and unverified assumptions as though they were established facts.
22. These false statements and omissions were material to the decision to issue criminal process and continue the prosecution.
23. Without these misrepresentations and omissions, no reasonable judicial officer would have found probable cause to arrest and prosecute Plaintiff.

## C. Unlawful Seizure, Arrest, and Detention

24. Plaintiff was arrested pursuant to the warrant and charging process generated by Defendants' false and misleading submissions.
25. Plaintiff was then detained on a high secured bond, approximately $200,000 or higher according to the records and proceedings in the case.
26. The bond and resulting detention were used to keep Plaintiff incarcerated and to leverage the court's coercive authority despite the lack of genuine probable cause.
27. Plaintiff lost his liberty, was incarcerated for a prolonged period, and suffered severe personal, emotional, and economic harm.

## D. Fabrication and Suppression of Evidence

28. Defendants knowingly misrepresented surveillance footage and other investigative materials as inculpatory when they were not sufficient to identify Plaintiff or establish the State's theory.
29. Defendants failed to disclose complete exculpatory information and omitted evidence inconsistent with their narrative.
30. Defendants thereby fabricated a false narrative of guilt and suppressed information favorable to Plaintiff.

31. The continuation of criminal proceedings against Plaintiff rested on tainted evidence, misleading inferences, and suppressed exculpatory material.

## E. Continuation of the Prosecution Without Probable Cause

32. Defendants initiated and continued criminal proceedings against Plaintiff despite lacking probable cause.
33. At the close of the State's evidence, the defense moved to dismiss, but the motion was denied by the court, allowing the prosecution to continue to judgment. The state-court judgment record reflects that denial.
34. Plaintiff was convicted and judgment was entered against him in the underlying criminal case.
35. Plaintiff was then required to pursue appellate relief, and on December 15, 2023, the Appellate Defender formally appointed appellate counsel, Jillian C. Franke, to represent Plaintiff on appeal in Union County case numbers 21 CRS 54524 and 23 CRS 309. The appointment record further directed the clerk to transmit the complete trial division file, including documentary and electronic exhibits, to appellate counsel.
36. The need for appellate counsel and appellate review arose directly from the wrongful prosecution and conviction.
37. Thereafter, the criminal judgment was overturned, as reflected in the later state-court judgment materials filed March 26, 2026, relating to file number 21CR054524.
38. The criminal proceedings thus terminated in Plaintiff's favor for purposes of his malicious prosecution claim.

## F. Financial Harm and Court-Imposed Costs

39. As a direct and foreseeable consequence of the false prosecution, Plaintiff incurred substantial financial burdens.
40. The state-court records reflect criminal bill-of-costs assessments and related financial obligations, including a total amount of $10,185.50 in one bill of costs and an additional total of $355.50 in another bill of costs associated with file number 21CRS054524, along with listed fees, restitution, and receiver entries.
41. The records also reflect a restitution entry naming Teclegiorgis Woldegiorgis and listing an amount of $9,800.00 tied to 22CRS50246.
42. These financial consequences flowed from the prosecution that Defendants initiated and maintained without probable cause.
43. Plaintiff also suffered litigation-related burdens, appellate proceedings, legal expenses, loss of income, and related damages arising from having to defend himself against the false charges and seek reversal of the wrongful judgment.

## G. Municipal Policy, Custom, and Use of Court Power

44. The constitutional violations inflicted upon Plaintiff were not isolated events but were caused by policies, practices, customs, failures to train, failures to supervise, and deliberate indifference attributable to Defendant City of Monroe.
45. Those policies and customs included permitting officers to seek warrants based on incomplete and misleading evidence, failing to train officers on the constitutional limits of probable cause determinations, failing to discipline fabrication and omission of material facts, and tolerating the withholding of exculpatory information.
46. Upon information and belief, the City and its policymakers also tolerated the use of secured-bond and bail procedures as a mechanism to detain arrestees through the court's power even where probable cause was weak, tainted, or manufactured.
47. In Plaintiff's case, Defendants used the machinery of the court, including charging instruments and secured bond, to obtain and maintain Plaintiff's detention despite the absence of lawful probable cause.
48. The misuse of criminal process, bail, and court authority was a moving force behind Plaintiff's detention, prosecution, financial injury, and deprivation of liberty.

# V. CLAIMS FOR RELIEF

## COUNT I

### Fourth Amendment – Unreasonable Seizure / False Arrest / Unlawful Detention

### 42 U.S.C. § 1983

(Against Detective Malone, John Doe Officers, and related individual defendants)

49. Plaintiff realleges and incorporates by reference the preceding paragraphs.
50. Defendants caused Plaintiff to be seized, arrested, and detained without lawful probable cause.
51. Defendants obtained and/or maintained criminal process through false statements, misleading omissions, and fabricated evidence.
52. As a direct result, Plaintiff was unlawfully arrested, detained, and deprived of liberty in violation of the Fourth Amendment.
53. Plaintiff suffered damages including incarceration, emotional distress, reputational harm, financial losses, and related injuries.

## COUNT II

### Fourteenth Amendment – Fabrication of Evidence / Deprivation of Due Process

### 42 U.S.C. § 1983

(Against Detective Malone, John Doe Officers, Dunne, Swope, and related individual defendants)

54. Plaintiff realleges and incorporates by reference the preceding paragraphs.
55. Defendants fabricated evidence, distorted the meaning of surveillance and investigative materials, and suppressed exculpatory information.
56. Defendants' conduct deprived Plaintiff of liberty and caused criminal proceedings to continue against him on a false factual basis.
57. This conduct violated Plaintiff's rights to due process under the Fourteenth Amendment.

## COUNT III

## Malicious Prosecution

## 42 U.S.C. § 1983

(Against all individual defendants involved in initiating or continuing the prosecution)

58. Plaintiff realleges and incorporates by reference the preceding paragraphs.
59. Defendants initiated and continued criminal proceedings against Plaintiff without probable cause and with malice or reckless disregard for Plaintiff's constitutional rights.
60. Defendants knowingly relied on fabricated, incomplete, and misleading evidence to maintain the prosecution.
61. Plaintiff was subjected to criminal judgment and was required to pursue appellate relief before the judgment was overturned. The court records reflect both the formal appointment of appellate counsel on December 15, 2023 and the later judgment-related filing on March 26, 2026.
62. The criminal proceedings terminated in Plaintiff's favor when the conviction and judgment were overturned.
63. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of liberty, emotional distress, financial harm, court costs, reputational damage, and other compensable injury.

## COUNT IV

## Prosecutorial Misconduct Outside Protected Advocacy

## 42 U.S.C. § 1983

(Against Dunne and Swope in their individual capacities)

64. Plaintiff realleges and incorporates by reference the preceding paragraphs.

65. Defendants Dunne and Swope participated in investigative, administrative, and evidence-development conduct outside the core advocative role associated with absolute prosecutorial immunity.
66. Upon information and belief, these Defendants participated in developing, endorsing, using, concealing, or failing to correct false and misleading evidence and the suppression of exculpatory material.
67. Such conduct, to the extent investigative or administrative in nature, is not shielded by absolute immunity.
68. Their actions directly contributed to Plaintiff's arrest, detention, prosecution, conviction, and resulting damages.

## COUNT V

## Monell Liability

## 42 U.S.C. § 1983

(Against Defendant City of Monroe)

69. Plaintiff realleges and incorporates by reference the preceding paragraphs.
70. Defendant City of Monroe maintained unconstitutional customs, policies, practices, or usages, and/or failed to train and supervise its employees, concerning:
   a. truthful warrant preparation;
   b. probable cause requirements;
   c. preservation and disclosure of exculpatory evidence;
   d. prohibition on fabrication of evidence;
   e. lawful use of criminal charging power; and
   f. use of bail and court process to detain persons under constitutionally deficient prosecutions.
71. These policies, customs, and failures amounted to deliberate indifference to the constitutional rights of persons such as Plaintiff.
72. The City's policies and customs were the moving force behind the violations of Plaintiff's rights.
73. As a direct and proximate result of those policies and customs, Plaintiff was falsely arrested, detained on excessive secured conditions, wrongfully prosecuted, subjected to judgment, forced to pursue appeal, and burdened with substantial financial costs and other damages.

# VI. DAMAGES

74. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered:
   a. loss of liberty and prolonged incarceration;
   b. emotional pain and suffering;

c. humiliation and mental anguish;

d. loss of income and economic opportunity;

e. legal and appellate expenses;

f. court costs, fees, restitution exposure, and other financial harm imposed through the wrongful prosecution;

g. reputational injury; and

h. other compensatory damages to be proven at trial.

75. The individual Defendants acted intentionally, maliciously, recklessly, and/or with callous indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against the individual Defendants;

C. Declaratory relief that Defendants violated Plaintiff's constitutional rights;

D. Costs of suit and allowable fees under law;

E. Pre-judgment and post-judgment interest as permitted by law;

F. Trial by jury on all issues so triable; and

G. Such other and further relief as this Court deems just and proper.

# VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as of right.

Respectfully submitted,

**Adrian Obrian Myers**
Plaintiff, Pro Se

*[signature]*

4-26-26