IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:26-CV-00329-KDB-DCK

| | |
|---|---|
| **ADRIAN OBRIAN MYERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF MONROE, NORTH CAROLINA, ET AL.,**<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants Chief Assistant District Attorney Cristin Dunne and Assistant District Attorney Christian Swope's (together the "Prosecutorial Defendants") Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 15) and Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. No. 28). The Court has carefully considered these motions and the Parties' briefs and exhibits in support and in opposition. The Prosecutorial Defendants' Motion to Dismiss will be **GRANTED** and Plaintiff's Motion to Strike will be **DENIED**.

The Court will grant the Motion to Dismiss based on absolute prosecutorial immunity and the other reasons cited by the Prosecutorial Defendants in their Memorandum in Support of their Motion to Dismiss (Doc. No. 16). In brief summary, Plaintiff asserts claims under 42 U.S.C. § 1983 against several defendants, including the Prosecutorial Defendants in their individual capacities, based on the decisions to charge and then unsuccessfully retry him after his initial conviction for attempted first-degree murder and other charges were overturned on appeal. Although mentions of the Prosecutorial Defendants in the Complaint are rare, Plaintiff generally

alleges that they violated his constitutional rights by continuing to charge and prosecute the case after his appeal and failed in their obligations to disclose evidence. *See* Doc. No. 32. These are all core prosecutorial functions well within the scope of absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Nero v. Mosby*, 890 F.3d 106 (4th Cir. 2018) (state's attorney was entitled to absolute prosecutorial immunity from officers' § 1983 malicious prosecution claims). Therefore, the Motion to Dismiss will be **GRANTED**.

Plaintiff's Motion to Strike Defendants' Answer will be denied for two reasons. First, motions to strike a pleading or affirmative defense are generally disfavored. *See, e.g.*, *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"). Second, and more directly to the point, Defendants' pleading of the statute of limitations and qualified immunity are not clearly legally insufficient, so there are no grounds to strike those defenses. Finally, to the extent Plaintiff challenges the merits of the defenses, that will be ruled on later in the proceedings.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants Cristin Dunne and Christian Swope's Motion to Dismiss (Doc. No. 15) is **GRANTED** and all claims against them are dismissed with prejudice; and
2. Plaintiff's Motion to Strike (Doc. No. 28) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED.**

Signed: October 1, 2026

Kenneth D. Bell
United States District Judge